James Alex GREER, a married man, Plaintiff—Appellant,

v.

YAVAPAI COUNTY, Arizona, a body politic; Jason Morgan, a married man, Defendants—Appellees,

and

G.C. Buchanan, aka Buck Buchanan, Defendant.

No. 04–16711.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Decided Sept. 5, 2006.

Charles Shaw, Prescott, AZ, for Plaintiff–Appellant.

John T. Masterson, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellees/Defendant.

Randall H. Warner, Esq., Jones Skelton & Hochuli, PLC, Phoenix, AZ, for Defendants–Appellees.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

## MEMORANDUM *

James Greer appeals the district court's entry of judgment as a matter of law in favor of Deputy James Morgan on a number of claims arising from events following a 911 call. The district court held Morgan entitled to qualified immunity on Greer's claims of excessive force, unlawful arrest, and unlawful search of his home. We affirm.

### I.

Greer contends that Morgan waived the defense of qualified immunity. He is wrong. Morgan pled qualified immunity as an affirmative defense in his answer.

### II.

Qualified immunity analysis consists of two parts. First, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Second, if a violation occurred, was the right clearly established? *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. 2151.

Greer contends that the district court erred when it entered judgments as a matter of law due to qualified immunity on three claims: excessive force, unlawful arrest, and unlawful search. He also argues that the district court erred when it sus-

tained defendants' objection to his discussion of revoked consent to search his house.

### A. *Excessive Force*

■ The district court granted qualified immunity to defendant Morgan because "Morgan was not personally involved in the use of force," and cited *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir.2002). There was no error there.

Greer was taken to the ground by Officer Evers after failing to comply with Morgan's order to get on the ground. The disturbance had reached a level of noise and confusion that would justify reasonable officers in believing that a threat to officer safety existed. Given the information available to Morgan at the time, it was not objectively unreasonable to order Greer to the ground in response to the volatile situation. Taking the evidence in the light most favorable to Greer, a jury could not find that Morgan recklessly or intentionally provoked a violent response from Greer.

### B. *Unlawful Arrest*

■ Greer argues that at the time he was arrested, Morgan could not have reasonably believed that he had probable cause to arrest him. Once Greer refused to get down on the ground and moved toward Morgan, a reasonable officer could have probable cause to arrest him for aggravated assault. Taking the evidence in the light most favorable to Greer, he was arrested because he refused to get down on the ground, yelled at the officers to leave his property, and walked back toward them and his house. In this light, a reasonable officer responding to a "man with a gun" emergency telephone dispatch

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

could be in reasonable apprehension of imminent physical injury. The district court did not err in determining that under the circumstances, the officer could have reasonably believed that he had probable cause to make an arrest.

### C. *Unlawful Search*

 Greer argues that the district court erred when it granted judgment as a matter of law to Morgan on the second search claim.

In the light most favorable to Greer, the officers searched his house for twenty to thirty minutes following the takedown despite Greer's yelling that officers had no permission to be in his house. At some point Greer told Sergeant Jarrell that he had given permission to officers to enter his house, and asked the sergeant to go look inside. After this, Greer again yelled that he wanted the officers out of his house.

The district court ruled that Morgan reasonably believed he had Greer's consent to search the house a second time. In the order denying Greer's motion for a new trial, the district court explained that "[i]n granting qualified immunity the Court necessarily held that the officer reasonably believed he had consent at the time of the search."

In reaching that conclusion the district court referred to the second search as a distinct event, commencing with Greer's "go look, sir, please" statement. Conversely, the court treated the 20–30 minute portion of the search preceding this statement as the "initial search," which went to the jury. Under the circumstances in this case—having responded to the telephoned "man with a gun" alarm, and having heard Greer's statement requesting that officers enter his home to look around—a reasonable officer could reasonably believe he had consent to search the home. The

district court did not err in granting judgment as a matter of law.

### D. *Continued Evidentiary Search After Revocation of Consent*

 Finally, Greer argues that the district court erred when it sustained defendants' objection during Greer's closing argument "when Greer's counsel sought to argue that Defendants had failed to timely respond when Greer withdrew his alleged consent." Because judgment as a matter of law was appropriate on the underlying unlawful search claim, the district court did not err by preventing Greer from arguing aspects of this claim to the jury.

### III.

Given the facts in the light most favorable to Greer, it would not be clear to a reasonable officer that it was unlawful to order Greer to the ground, to arrest him for aggravated assault, or to search his house. The judgment of the district court is AFFIRMED.

THOMAS, Circuit Judge, dissenting.

I respectfully dissent from the majority's analysis of Greer's excessive force and unlawful arrest claims. When granting judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). In resolving the motions for judgment as a matter of law in this case, inferences were drawn in favor of Officer Morgan, the *moving* party. Because I believe that factual issues prevent us from deciding this case as a matter of law, I would remand to the district court so that

a jury may make the appropriate factual determinations.

The parties present fundamentally different accounts of the events leading up to the take-down. Greer tendered evidence that he gave Morgan permission to frisk him and to search his home for two minutes, and that Morgan obliged, but found nothing incriminating. Then, according to Greer, he told Morgan and the other officers to get out of his house, and tried to go back home. Morgan ordered Greer to get on the ground. When Greer refused, he was pepper sprayed and forcefully taken down. Morgan, however, denies that he asked Greer for permission to pat him down or to search his house. Rather, Morgan states that Greer approached the officers in an agitated state, and that the officers took down Greer out of concern for their safety. Drawing the factual inferences in Greer's favor, as we are required to do, a reasonable jury could have found that Morgan acted unreasonably and recklessly in ordering Greer to the ground, and that his actions led the other officers to take down Greer in violation of Greer's constitutional rights. *See Billington v. Smith,* 292 F.3d 1177, 1189 (9th Cir.2002). Therefore, I conclude that genuine issues of material fact exist with respect to the excessive force claim.

Similarly, the existence of genuine issues of material fact preclude judgment as a matter of law on Greer's unlawful arrest claim. Whether Morgan had probable cause to arrest Greer for aggravated assault depends on whether Greer was aggressive towards Morgan, or simply trying to get back in his house. As explained above, Greer claims that Morgan attempted to detain him illegally after conducting a permissive search of his home and finding no incriminating evidence. Morgan, on the other hand, claims that Greer was detained because he became aggressive and abusive towards the officers. Taking the evidence in the light most favorable to Greer, I cannot, on this record, conclude as a matter of law that Morgan and the other officers acted in reasonable apprehension of imminent physical injury and that Morgan, therefore, acted reasonably in arresting Greer for aggravated assault.

Because genuine issues of material fact exist on these claims, and because inferences were impermissibly drawn in favor of the moving party, I would reverse the grants of judgment as a matter of law on the claims of excessive force and unlawful arrest.